Judge Wood
stated the case, and delivered the opinion of the court:
This cause is heard upon an original and supplemental bill, and the answer of the defendant, Bowers. Cutler has not answered. The complainant alleges that, May 28, 1834, he obtained a judgment against Cutler, before a justice of the peace, for seventy-two dollars and fifty-eight cents, with costs; that execution issued and was returned, no property found whereon to levy ; that, in truth, the defendant owned no property subject to execution at law, but that he did own an equity of redemption in real estate; that, on March 1, 1834, the complainant had sold and conveyed to Cutler the east half of the southeast quarter of section 1, township 10, range 1 east, in Darke county; that on the same day, Cutler mortgaged the same premises to the complainant, to secure one hundred dollars, part of the purchase money, payable March 1, 1835. The bill prays that Cutler’s *144 equity of redemption in this mortgage may be sold to pay complainant’s judgment.
The supplemental bill charges that after the original bill was filed, Cutler made a pretended sale of this equity to Bowers, who . is made a party defendant, the object of which sale was to defeat the recovery of the complainant, of which intention Bowers was cognizant. And the bill prays that this conveyance may be decreed fraudulent, as against the complainant.
Bowers, in his answer, states that before the complainant filed his-bill against Cutler, a contract had been made by Cutler with Bowers to mortgage the land to him, to secure a debt due from Cutler to Bowers. The contract, he thinks, was made in March, 1834, and in December, 1834, Cutler made his conveyance in fee, of which the debt to be secured by mortgage was, in part, the consideration. Bowers admits the mortgage from Cutler to the complainant, and claims that, at the time of answering, he is the owner and holder of that mortgage. The answer further alleges that before the sale to Cutler by complainant he had mortgaged the same lands to one Blakely, .which mortgage was concealed from Cutler, and is still out, for one hundred and forty-six dollars and twenty-three cents, which Bowers *would have to pay to perfect his title. All knowledge of the pendency of the complainant’s bill, antecedent to the conveyance of December, 1834, from Cutler to Bowers, is denied, as is also all fraud.
There is a replication to this answer, and the case was submitted,. without argument, upon the pleadings, exhibits, and depositions. Upon- examining the subpena, it appeared not to have been served upon Cutler until May, 1835.
Two principal points arise in the case: 1. Had Bowers a prior equity, in virtue of the contract set up in his answer, as made with Cutler, in March, 1834? 2. Does the mortgage to Blackly subsist as alien for a debt due from the complainant, which equity may deduct from the amount due to the complainant?
Upon the first point, it is sufficient to remark that the alleged contract of March, 1834, between Cutler and Bowers, and its consummation, in December, 1834,. is new matter introduced in the answer, and responsive to no allegation in the bill. No proof is introduced in support of it, and consequently, according to the settled rule and practice of the court, it must be disregarded.
*145 On the second point, the proof is clear that Blakely’s mortgage was satisfied, and the fact well known to Bowers.
The complainant, then, is entitled to the relief he seeks unless Bowers is a fair bona fide purchaser. Is he such, on the proofs in the case? Our opinion is otherwise. Yarious witnesses testify to the full knowledge of Bowers of the complainant’s claim; and one witness proves the declaration of Bowers, that he meant to buy the land and keep the complainant from obtaining the amount of- his judgment. A purchase with this intent, when the fact is ascertained, is void as against the creditor intended to be defrauded. The conveyance from Cutler to Bowers is in this predicament. It must bo declared void, and the equity of Redemption of Cutler subjected to the satisfaction of the complainant’» judgment.